UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANBANG GROUP HOLDINGS CO. LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HAIBIN ZHOU, et al., <br><br> Defendants. | Case No. 23-cv-00998-VC <br><br> **ORDER DENYING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 66, 89 |

The motions to dismiss the claims against Yan Zhao and the Law Office of Ning Ye are denied. Each defendant must file an answer within 14 days of this ruling. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

*Failure to state a claim.* The complaint does enough to state RICO claims against both defendants. As the complaint tells it, the defendants took part in an organized scheme to harass and extort the plaintiffs. Part of that scheme, the plaintiffs allege, involved a pattern of lawsuits seeking to confirm fake arbitration awards, claim false ownership over the plaintiffs' properties, and cloud title to those properties. Yan Zhao allegedly filed a number of these lawsuits and appeals. *See* Dkt. No. 1 ¶¶ 8, 10, 20, 54, 143–46, 157–62, 166–75. And the Law Office of Ning Ye allegedly served as counsel in some of these efforts. *See* Dkt. No. 1 ¶¶ 9–10, 21–22, 54, 156–63, 166–75. Both defendants, the plaintiffs add, used mail and wire communications to carry out these alleged acts of fraud. *See* Dkt. No. 1 ¶¶ 178(p)–(r), 179(k)–(l). That is enough to plead a civil RICO violation. *See* 18 U.S.C. § 1962(c); *Living Designs, Inc. v. E.I. Dupont de Nemours*

*and Company*, 431 F.3d 353, 361 (9th Cir. 2005).

The defendants argue that filing a lawsuit is not a predicate act of "racketeering activity" under RICO, because petitioning for judicial relief is constitutionally protected activity. That might be true as a general matter. But an exception exists for sham lawsuits. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 932 (9th Cir. 2006); *Relevant Group, LLC v. Nourmand*, 2023 WL 4291654, at *10 (C.D. Cal. May 24, 2023). Objectively baseless claims brought for an unlawful purpose, for instance, do not merit heightened constitutional protection. *Sosa*, 437 F.3d at 938. That exception applies to the litigation activities alleged in the complaint. The defendants' claims, the plaintiffs allege, were based on fraudulent deed transfers and forged arbitration awards. Taking these allegations as true, no reasonable litigant could have expected the defendants to prevail on those claims. *See B&G Foods North America, Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022). And, if true, these allegations also plausibly suggest that the defendants' purpose behind filing suit was unlawful. *See United States v. Koziol*, 993 F.3d 1160, 1172 (9th Cir. 2021).

*Justiciability.* The plaintiffs have Article III standing to pursue their RICO claims. Per the complaint, the plaintiffs have incurred fees and costs responding to the defendants' allegedly sham lawsuits. And these lawsuits, the complaint also points out, have interfered with the plaintiffs' efforts to sell or refinance their properties. Awarding relief against the defendants would redress these alleged injuries.

The fact that some of the alleged lawsuits are over and two are currently on appeal does not moot this dispute, preclude the plaintiffs' claims, or make this lawsuit unripe. It is not too late to hear this case, because no court has decided the RICO claims or any issues they raise. Nor is too early; the plaintiffs seek relief for alleged injuries that have already happened, not harm they might suffer in the future.

*Personal jurisdiction.* There is personal jurisdiction over both Yan Zhao and the Law Office of Ning Ye. The plaintiffs have sufficiently alleged that a single nationwide RICO conspiracy exists. But no district court naturally has personal jurisdiction over *all* of the alleged co-conspirators. Some of the entity defendants, for example, have ties only to California and

Delaware, while another defendant (Belitskiy) does not have any ties to Delaware. *See* Dkt. No. 1 ¶¶ 18, 29–31. This Court already has personal jurisdiction over a few of the alleged co-conspirators—three of them, according to the complaint, reside in the Northern District. *See* Dkt. No. 1 ¶ 17 (Zhou); *id.* ¶ 18 (Belitskiy); *id.* ¶ 19 (Traub). So, under the RICO statute, this Court has personal jurisdiction over the rest, too—including Yan Zhao and the Law Office of Ning Ye. *See* 18 U.S.C. § 1965(b); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1161–62 (N.D. Cal. 2014).

*Venue.* Venue is proper for similar reasons, *see* 18 U.S.C. § 1965(b)—and because a substantial chunk of the alleged events giving rise to the RICO claims happened in the Northern District, *see* 28 U.S.C. § 1391(b)(2). Several properties allegedly targeted by the RICO conspiracy, for instance, are located in the district. *See* Dkt. No. 1 ¶¶ 44, 60–65.

*Service of process.* Service on the Law Office of Ning Ye was sufficient.[1] Per the plaintiffs' proof of service, the plaintiffs' process server tried three times to deliver the summons at the firm's New York office—either to Ning Ye personally or to a suitable substitute. *See* Dkt. No. 35 at 1, 4. When those efforts were unsuccessful, the process server posted the summons on the Law Office's door and mailed the Law Office a copy within twenty days. That is all New York service law requires. *See* N.Y. C.P.L.R. §§ 308(1)–(2), (4). And because service was made in New York, that is all the Federal Rules require too. *See* Fed. R. Civ. Pro. 4(e).

*Insufficient process.* The fact that the service papers were addressed to the "Law Office of Ning Ye, Esq.," instead of "Ning Ye," does not warrant dismissal—especially when the Law Office of Ning Ye has not explained how it was prejudiced as a result. *See United Food & Commercial Workers Union v. Alpha Beta Company*, 736 F.2d 1371, 1382 (9th Cir. 1984).

*Failure to join.* The joinder defense fails because the Politburo of the Chinese Communist Party, Shuqing Guo, Hua Yu, Dajia Insurance Group, Baoshan Prison, and Vice Chancellor Travis Laster of the Delaware Court of Chancery are not necessary parties to this case. The plaintiffs can get the full relief they seek—compensatory and treble damages—without

---

[1] Yan Zhao waived service. *See* Dkt. No. 70.

joining any of these extra parties. *See Equal Employment Opportunity Commission v. Peabody Western Coal Company*, 400 F.3d 774, 780 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: August 30, 2023

VINCE CHHABRIA
United States District Judge