UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANBANG GROUP HOLDINGS CO. LIMITED, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> HAIBIN ZHOU, et al., <br><br>  Defendants. | Case No. 23-cv-00998-VC <br><br> **ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS** <br><br> Re: Dkt. No. 136 |

The motion to dismiss the counterclaims is granted. Dismissal is with prejudice. This ruling assumes familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

1. The trademark infringement counterclaim fails because neither defendant has statutory standing to assert it. Neither owns the alleged trademark, and being a shareholder of the entity that does is not enough. *Latham v. NVest SV*, Inc., No. 20-16164, 2021 WL 5507389, at *1 (9th Cir. Nov. 24, 2021). The defendants suggest that dismissal would be improper because the counterclaim is compulsory. But whether a counterclaim is compulsory of course has no bearing on whether it is properly pled.

2. The Hobbs Act counterclaim fails because the statute does not directly create a private civil right of action. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020). Even if the defendants intended to assert a civil RICO claim based on a predicate Hobbs Act violation, they fail to adequately allege the key elements of Hobbs Act robbery or extortion, like actual or threatened force, violence, or fear. *See* 18 U.S.C. §§ 1951(a), (b).

3. The counterclaim for wrongful use of civil proceedings fails because the alleged prior action—this case—is still pending. *See Pasternack v. McCullough*, 235 Cal. App. 4th 1347, 1355 (2015); *Loomis v. Murphy*, 217 Cal. App. 3d 589, 593 (1990). The defendants also do not plausibly allege that the lawsuit was brought with malice and without probable cause. *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019).

4. The counterclaim for civil conspiracy fails because the defendants merely assert that the plaintiffs conspired with the Politburo of the Chinese Communist Party and the State Council of the People's Republic of China to incapacitate defense counsel. That is not enough to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191, 211–12 (2011).

5. The request for sanctions under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure also fails because the defendants have not come close to showing that the plaintiffs' complaint is recklessly frivolous or that it was filed for an improper purpose. *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015); Fed. R. Civ. P. 11(b).

6. Dismissal is with prejudice. Leave to amend would not fix the trademark infringement and Hobbs Act counterclaims. And the defendants abandoned the rest of their counterclaims by failing to address them in their opposition brief. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014).

**IT IS SO ORDERED.**

Dated: December 15, 2023

VINCE CHHABRIA
United States District Judge

2