UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANBANG GROUP HOLDINGS CO. LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HAIBIN ZHOU, et al., <br><br> Defendants. | Case No. 23-cv-00998-VC (TSH) <br><br> **ORDER TO SHOW CAUSE** <br> Re: Dkt. No. 172 |

Plaintiffs move the Court for an order pursuant to Federal Rule of Civil Procedure 45(g) for non-party Peter Crowley to show cause why he should not be held in civil contempt for failing to comply with a deposition subpoena served on him on November 19, 2023. ECF No. 172. For the reasons explained below, the Court **ORDERS** Crowley to appear before this Court on February 15, 2024 at 10:00 a.m. to show cause why he should not be held in civil contempt for failure to obey the subpoena if he does not appear for his deposition by February 1, 2024.

On November 19, 2023, Plaintiffs served Crowley with a deposition subpoena to appear for a deposition at the offices of Gibson, Dunn & Crutcher LLP in Palo Alto, California, at 9:00 a.m. on December 12, 2023. Wagner Decl., ECF No. 172-1 ¶¶ 2, 3. On December 5, 2023, Plaintiffs mailed Crowley a letter to his residential address, reminding him of the scheduled December 12 deposition, and that they would be prepared to proceed with his deposition at that time. *Id*. ¶ 4. On December 6, 2023, Plaintiffs sent an email to five email addresses known to them as potentially belonging to Crowley, reminding him of his upcoming deposition. *Id*. ¶ 5.

Although court reporters and videographers were present and prepared for the deposition, Crowley did not appear for his deposition on December 12. *Id*. ¶ 6. Instead, on December 12, about 10 minutes after the time his deposition was scheduled to commence, Crowley called

Plaintiffs' counsel. He said that transportation difficulties had made it difficult for him to appear. Plaintiffs' counsel said he could reschedule the deposition and that he would send Crowley potential dates. Later the same day, Plaintiffs' counsel texted Crowley and offered four dates later in December for his deposition. *Id.* ¶ 7.

After not hearing back from Crowley, Plaintiffs' counsel called him the next day, December 13. During their brief conversation, Crowley did not propose or agree to a new date for his deposition, citing a busy schedule and the need to work before the upcoming holidays. Plaintiffs' counsel offered to take his deposition outside of business hours if that was more convenient for him. Crowley stated he would respond with a proposed date or dates for his deposition. *Id.* ¶ 8.

Since then, Plaintiffs' counsel has not been able to reach Crowley. Plaintiffs have attempted to reach him via phone and text numerous times, to no avail. Crowley has not answered any of those attempted phone calls and has not responded to texts from Plaintiffs' counsel. In voicemails left with Crowley, Plaintiffs' counsel warned him that Plaintiffs would seek a court order if he did not respond. As of Plaintiffs' filing on January 9, 2024, Crowley had not responded. *Id.* ¶ 9.

Rule 45(g) says: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012).

"Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court." *Id.* at *2 (citing *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010)). "Civil contempt is characterized by the Court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance." *Id.* at *3. "A civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other

2

sanction becomes due." *Id.* (citing *De Parcq v. U.S. Dist. Ct. for S. Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt.")).

To establish civil contempt, Plaintiffs must show by clear and convincing evidence that Crowley violated a specific order of the court. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiffs meet that burden, Crowley must then show that he took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).

As discussed above, Plaintiffs have shown that Crowley violated a specific and definite order of the Court by failing to comply with the subpoena. The Court thus grants Plaintiffs' motion for an order to show cause. The Court **ORDERS** Crowley to show cause why he should not be held in contempt for his failure to comply with the subpoena if he does not appear for his deposition by February 1, 2024. Crowley shall file a declaration by February 8, 2024, and the Court shall conduct a hearing on February 15, 2024 in Courtroom E, 15th floor, 450 Golden Gate Avenue, San Francisco, California. Should Crowley's deposition take place by February 1, the parties shall notify the Court immediately, and the February 15 show cause hearing will be vacated. The Court **ORDERS** Plaintiffs to serve this order on Crowley and to file a proof of service showing that they have done so.

**IT IS SO ORDERED.**

Dated: January 19, 2024

THOMAS S. HIXSON
United States Magistrate Judge