UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANBANG GROUP HOLDINGS CO. LIMITED, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HAIBIN ZHOU, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00998-VC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 186 |

　　　　The motion for default judgment against Haibin Zhou, World Award Foundation Inc., Amer Group LLC, An Bang Group LLC, AB Stable Group LLC, Andy Bang LLC, SHC Group LLC, and SHR Group LLC is granted.

　　　　1. This Court has jurisdiction to enter default judgment. Subject matter jurisdiction exists because this is a federal RICO action. *See* 28 U.S.C. § 1331; 18 U.S.C. § 1964(c). Personal jurisdiction exists too: Zhou resides in California. The entities are based in California. Many of the properties that these defendants targeted are located in California. And one of the sham lawsuits they brought was filed in California. Even if none of that were true, personal jurisdiction would still exist under the RICO statute's venue and process provision. *See* 18 U.S.C. § 1965(b). At least one member of the alleged nationwide enterprise is subject to jurisdiction in California, and no other court naturally has jurisdiction over every member. *See* Dkt. No. 107 at 2–3; *see also Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

　　　　2. Each of the *Eitel* factors favors default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The allegations in the complaint are well pleaded and state credible

claims for relief under the RICO statute, and the plaintiffs have presented reliable evidence in support of those claims. The defendants never appeared, even though they were properly served and certainly aware of the lawsuit. Their decision not to respond suggests that no material facts are in dispute. And their failure to appear makes any decision on the merits impossible. So a default judgment is the only recourse the plaintiffs have. True, the amount of money at stake—almost $15 million in treble damages—is large. But the damages sought are consistent with the allegations in the complaint, easily measurable, and supported by the record. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016).

\* \* \*

Default judgment is therefore entered against Zhou and the entity defendants. The plaintiffs are awarded $14,656,205.91 in treble damages, plus postjudgment interest under 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: April 4, 2024

VINCE CHHABRIA
United States District Judge